ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 9, 2011

The Honorable Barbara Cargill
Chair, State Board of Education
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0871

Re: Permissible investments of the permanent school fund (RQ-0941-GA)

Dear Ms. Cargill:

Your predecessor asked three questions about the legal authority of the State Board of Education (the "Board") to invest permanent school fund ("PSF") capital in a manner intended to give direct aid to "charter schools in acquiring instructional facilities."[1] The request letter explained that "[t]he Board has established a special asset class for charter schools facilities investment with its own proposed benchmark for returns . . . ." Request Letter at 2. "Possible investments . . . include direct acquisition of real estate or real estate mortgages and bonds issued by the non-profit corporations that hold state charters." Id. For example, the PSF could buy or build "facilities and then lease them to charter schools." Id.

These questions concern Texas Constitution article VII, section 5(f), which provides that

> in managing the assets of the [PSF], the [Board] may acquire, exchange, sell, supervise, manage, or retain, through procedures and subject to restrictions it establishes and in amounts it considers appropriate, any kind of investment, including investments in the Texas growth fund created by Article XVI, Section 70, of this constitution, that persons of ordinary prudence, discretion, and intelligence, exercising the judgment and care under the circumstances then prevailing, acquire or retain for their own account in the management of their affairs, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital.

TEX. CONST. art. VII, § 5(f). The first question asked is whether the Board must,

---

[1]Letter from Honorable Gail Lowe, Former Chair, State Board of Education, to Honorable Greg Abbott, Attorney General of Texas at 2 (Jan. 21, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

> consistent with the "prudent person" standard adopted in Article VII, Section 5(f) of the Texas Constitution, determine the asset classes in which it will invest with the sole purpose of maximizing the future value of the PSF, or may the Board also consider benefits to a state policy in making an investment as outlined above which may not have an expected return as high as the expected return of the likely highest returning class of assets within the PSF?

Request Letter at 4. No provision of article VII, section 5(f) contains language that authorizes the Board to consider a potential investment's general benefits other than the sound financial management of PSF assets when it makes investment decisions. *See* TEX. CONST. art. VII, § 5(f). *Cf.* Request Letter at 4 (suggesting that the Board may consider benefits to a public policy in making PSF investments). The text of section 5(f) provides that the Board may consider the "probable income" produced by, and the "probable safety" of, the capital invested in PSF assets. TEX. CONST. art. VII, § 5(f). It also provides that the Board makes investment decisions for the purpose of "managing the assets of the [PSF] . . . in regard to the permanent disposition of [PSF] funds." *Id.* Thus, the Constitution requires that the Board's PSF investment decisions be made in regard to the permanent disposition of PSF assets and be based on financial considerations like income production and capital preservation. *Id. See also Stringer v. Cendant Mortg. Corp.*, 23 S.W.3d 353, 355 (Tex. 2000) (holding that courts construe the Texas Constitution by relying heavily on its literal text and giving effect to its plain meaning).

Neither our legal review nor the legal briefing submitted to this office has uncovered legal authority that would authorize the Board to make PSF investment decisions for any other purpose or to consider any other nonfinancial factor. *See* TEX. EDUC. CODE ANN. §§ 43.003 (West 2006) (allowing the Board to invest the PSF in securities that the Board must carefully examine and find to be safe and proper), 43.004(a) (requiring the Board to promulgate PSF investment objectives addressing "desired rates of return, risks involved, investment time frames, and any other relevant considerations"), 43.007(b) (stating that "the [Board] shall exercise the judgment and care under the circumstances then prevailing that persons of ordinary prudence, discretion, and intelligence exercise in the management of their own affairs not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital"). Accordingly, we conclude that the Texas Constitution and Education Code require the Board to make investment decisions in regard to the permanent disposition of PSF assets and to consider a potential investment's financial attributes. *See id.* § 7.102 (stating that the Board's authority is only what the Texas Constitution and Education Code provide that it is); *Pub. Util. Comm'n v. GTE-Sw., Inc.*, 901 S.W.2d 401, 407 (Tex. 1995) (explaining that agencies have only those powers expressly granted by law and those necessarily implied therefrom); Tex. Att'y Gen. Op. No. GA-0848 (2011) at 1–2 (noting that the Board is an agency). The Texas Constitution and Education Code do not authorize the Board to base PSF investment decisions for a nonfinancial purpose and do not authorize the Board to consider nonfinancial factors. *See* TEX. CONST. art. VII, § 5(f); TEX. EDUC. CODE ANN. §§ 7.102 (West 2006), 43.003–.020 (West 2006 & Supp. 2010).

The second question is whether the Board may "restrict investment within [an asset] class to a group of entities in furtherance of a state policy." Request Letter at 4. We have not found a provision of the Texas Constitution or Education Code that authorizes the Board to restrict PSF investments to asset classes that would further any public policy other than the sound financial management of PSF assets. *See generally* TEX. CONST. art. VII, § 5(f); TEX. EDUC. CODE ANN. §§ 7.102 (West 2006), 43.003–.020 (West 2006 & Supp. 2010). Additionally this office did not receive any legal briefing purporting to identify such a statute or constitutional provision. *See, e.g.*, Request Letter. Because the Texas Constitution and Education Code do not authorize the Board to restrict investment within an asset class to a group of entities in furtherance of a public policy other than sound financial management, the Board may not do so. TEX. CONST. art. VII, § 5(f); TEX. EDUC. CODE ANN. § 7.102 (West 2006).

The third question is "whether the Board has any greater authority to select an asset class . . . if the purpose of that decision is to benefit an educational entity or education policy within Texas." Request Letter at 5. The Board's authority is strictly limited to the powers that the Texas Constitution and Education Code grant to it. TEX. EDUC. CODE ANN. § 7.102 (West 2006).

Accordingly, we conclude that Texas law would authorize the Board to make investments that directly help charter schools acquire instructional facilities, but only if persons of ordinary prudence, discretion, and intelligence do so for their own account, not in regard to speculation but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital. TEX. CONST. art. VII, § 5(f); TEX. EDUC. CODE ANN. §§ 7.102 (West 2006), 43.003–.020 (West 2006 & Supp. 2010). Texas law does not authorize the Board to make PSF investments in regard to any other objective or to consider any other kind of factor in managing PSF assets. TEX. CONST. art. VII, § 5(f); TEX. EDUC. CODE ANN. §§ 7.102 (West 2006), 43.003–.020 (West 2006 & Supp. 2010). *See also Stringer*, 23 S.W.3d at 355 (holding that courts construe the Texas Constitution by relying heavily on its literal text and giving effect to its plain meaning); *Pub. Util. Comm'n*, 901 S.W.2d at 407 (explaining that agencies have only those powers expressly granted by law and those necessarily implied from the powers expressly granted).

## S U M M A R Y

The text of article VII, section 5(f) of the Texas Constitution, provides that the State Board of Education may make any investment that persons of ordinary prudence, discretion, and intelligence make in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital. The text of article VII, section 5(f) does not authorize the Board to make investments in regard to any other objective or to consider any other kind of factor in managing permanent school fund assets.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee